UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brett D.,[1]

           Plaintiff,

v.

Martin J. O'Malley,
Commissioner of Social Security Administration,

           Defendant.

Case No. 23-cv-1404 (ECT/LIB)

**REPORT AND RECOMMENDATION**

    Plaintiff, Brett D. (hereinafter "Plaintiff"), seeks judicial review of the decision of the Commissioner of Social Security ("Defendant") denying his application for disability benefits. The matter is before the undersigned United States Magistrate Judge for disposition pursuant to 28 U.S.C. § 636 and Local Rules 7.2(a)(1). This Court has jurisdiction over the claims under 42 U.S.C. § 405(g).

    Pursuant to the Federal Supplemental Rules of Civil Procedure which govern actions seeking judicial review of a decision of the Commissioner of Social Security, the present action "is presented for decision by the parties' brief." Fed. R. Civ. P. Supp. SS Rule 5. Plaintiff filed a brief requesting that the present action be remanded to the Social Security Administration. [Docket No. 13]. Defendant filed a brief asking this Court to affirm the underlying decision denying Plaintiff's request for benefits and to dismiss this action. [Docket No. 17].

    For the reasons discussed herein, the undersigned recommends that Plaintiff's request for relief, [Docket No. 13], be **DENIED**, and Defendant's request for relief, [Docket No. 17], be **GRANTED**.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Thus, when the Court refers to Plaintiff by his name only his first name and last initial are provided.

## I. Background

On July 16, 2021, Plaintiff filed a Title II application for a period of disability and disability benefits, as well as a Title XVI application for supplemental social security income. (Tr. 18, 293–308).[2] In both of his applications, Plaintiff alleged that his disability began on December 31, 2019. (Tr. 18, 249–266, 293). The Commissioner initially denied Plaintiff's claims on November 16, 2021, and again, upon reconsideration, on February 18, 2022. (Tr. 18, 131–136, 154–157). On March 9, 2022, Plaintiff filed a written request for a hearing before an Administrative Law Judge. (Tr. 18, 169).

Administrative Law Judge Erin T. Schmidt (hereinafter "ALJ") conducted a telephonic hearing on August 10, 2022. (Tr. 18, 49). Plaintiff testified at the hearing, along with an independent vocational expert, Mitchell Norman, ("IVE Norman"). (Tr. 18, 49–94). At the hearing, Plaintiff was represented by counsel. (Tr. 18, 49–94).

On September 21, 2022, the ALJ issued a decision denying Plaintiff's request for a period of disability and disability insurance benefits, as well as, Plaintiff's request for supplemental social security income. (Tr. 18–31). The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 31).

Plaintiff thereafter sought review of the decision by the Appeals Council. (Tr. 1–14, 244–245). Subsequently, on March 30, 2023, the Appeals Council denied Plaintiff's request for review. (Tr. 6). As a result, the ALJ's decision became the final decision of the Commissioner. See 20 C.F.R. §§ 404.981, 416.1481.

---

[2] Throughout this Report and Recommendation, the Court refers to the Administrative Record, [Docket No. 12], by the abbreviation "Tr." The Administrative Record is consecutively paginated across 64 exhibits. (See Administrative Record [Docket No. 12]). Where the Court cites to the Administrative Record, it refers to the page numbers found in the bottom-right corner of these exhibits.

On May 18, 2023, Plaintiff filed this action. (Compl. [Docket No. 1]). Thereafter, this matter was presented to the Court for review pursuant to the parties' briefs, [Docket Nos. 13, 17], and the Court took the matter under advisement on the written submissions.

## II. Standards of Review

### A. Administrative Law Judge's Five-Step Analysis

If a claimant's initial application for disability benefits is denied, he may request reconsideration of the decision. 20 C.F.R. §§ 404.907–404.909. A claimant who is dissatisfied with the reconsidered decision may then obtain administrative review by an administrative law judge ("ALJ"). 42 U.S.C. § 405(b)(1); 20 C.F.R. § 404.929.

To determine the existence and extent of a claimant's disability, the ALJ must follow a five-step sequential analysis. This analysis requires the ALJ to make a series of factual findings about the claimant's impairments, residual functional capacity, age, education, and work experience. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992). The Eighth Circuit has described this five-step process as follows:

> The Commissioner of Social Security [through the ALJ] must evaluate: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).

### B. Appeals Council Review

If the claimant is dissatisfied with the ALJ's decision, he may request review by the Appeals Council, although the Appeals Council need not grant that request for review. See 20 C.F.R. §§ 404.967–404.982. The decision of the Appeals Council (or, if the request for review is

denied by the Appeals Council, then the decision of the ALJ) is final and binding upon the claimant, unless the matter is appealed to federal court within sixty days after notice of the Appeals Council's action. See 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. In this case, the Appeals Council declined to review the ALJ's decision finding that Plaintiff was not disabled. (Tr. 1).

**C. Judicial Review**

Judicial review of the administrative decision generally proceeds by considering the decision of the ALJ at each of the five steps. Judicial review of the Commissioner's decision to deny disability benefits, however, is constrained to a determination of whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008); Tellez v. Barnhart, 403 F.3d 953, 956 (8th Cir. 2005); Buckner v. Apfel, 213 F.3d 1006, 1012 (8th Cir. 2000) ("We may reverse and remand findings of the Commissioner only when such findings are not supported by substantial evidence on the record as a whole."). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Buckner, 213 F.3d at 1012 (quoting Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000)); see Coleman v. Astrue, 498 F.3d 767, 770 (8th Cir. 2007).

In reviewing the record for substantial evidence, the Court may not substitute its own judgment or findings of fact for that of the ALJ. Hilkemeyer v. Barnhart, 380 F.3d 441, 445 (8th Cir. 2004). The possibility that the Court could draw two inconsistent conclusions from the same record does not prevent a particular finding from being supported by substantial evidence. Culbertson v. Shalala, 30 F.3d 934, 939 (8th Cir. 1994). The Court should not reverse the Commissioner's finding merely because evidence may exist in the administrative record to support the opposite conclusion. Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

4

After balancing the evidence, if it is possible to reach two inconsistent positions from the evidence and one of those positions represents the Commissioner's decision, the Court must affirm the decision. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992). Thus, the Court will not reverse the ALJ's "denial of benefits so long as the ALJ's decision falls within the 'available zone of choice.'" Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008). The decision of the ALJ "is not outside the 'zone of choice' simply because [the Court] might have reached a different conclusion had [it] been the initial finder of fact." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." Medhaug v. Astrue, 578 F.3d 805, 813 (8th Cir. 2009) (quotation omitted).

The claimant bears the burden under the Social Security Act of proving that he is disabled. See 20 C.F.R. § 404.1512(a); Whitman v. Colvin, 762 F.3d 701, 705 (8th Cir. 2014). Once the claimant has demonstrated he cannot perform any of his prior, relevant work due to a disability, the burden then shifts to the Commissioner to show that the claimant retains the residual functional capacity ("RFC") to engage in some other substantial, gainful activity. Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005).

**III. Decision Under Review**

Before beginning the five-step disability evaluation process in the present case, the ALJ first determined that Plaintiff met the insured status requirement of Social Security Act through June 30, 2025. (Tr. 20). This finding is not in dispute.

The ALJ then made the following determinations during the five-step disability evaluation process.

At step one, the ALJ concluded that Plaintiff had not engage in substantial gainful activity since his alleged onset date of December 31, 2019. (Tr. 20). This finding is not in dispute. The

5

Court will refer to the time period between Plaintiff's alleged onset date and the date of the ALJ's decision as "the adjudicated period."

At step two, the ALJ concluded that Plaintiff had "the following severe impairments: obesity, hidradenitis suppurativa, depression, personality disorder, attention deficit hyperactivity disorder, paraphilic disorder, and borderline intellectual functioning." (Tr. 21). Plaintiff does not challenge the findings made by the ALJ at step two.

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22–42). Specifically, the ALJ found that Plaintiff did not have any impairment or combination of impairments which met or medically equaled listings 12.04, 12.06, 12.08, or 12.11. (Tr. 22). Plaintiff does not challenge the ALJ's findings at step three.

At step four, the ALJ made the following RFC determination:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally stoop, crouch, crawl and climb, occasionally reach overhead, no concentrated exposure to extreme heat or humidity, no fast paced production requirements defined as work requiring more than frequent handling, fingering, and bilateral reaching, simple routine tasks, and only occasion interaction with coworkers and the general public

(Tr. 24). Plaintiff challenges this RFC determination made by the ALJ.

In making this RFC determination, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms"; however, the ALJ also concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the

6

record for the reasons explained in [the ALJ's] decision." (Tr. 25). Plaintiff does not challenge this credibility determination by the ALJ.[3]

Based on his RFC determination and relying on the testimony from the independent vocational expert, IVE Norman, the ALJ determined that Plaintiff was unable to perform any past relevant work. (Tr. 28). However, the ALJ found that there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 29). Here again relying upon testimony from the independent vocational expert, IVE Norman, the ALJ specifically found that among the occupations Plaintiff would be able to perform were "mail clerk" of which there are 45,000 positions in the national economy; "lab sample carrier" of which there are 24,000 positions in the national economy; and "building cleaner" of which there are 65,000 positions in the national economy. (Tr. 29). Although Plaintiff does not directly challenge the finding regarding available occupations to the Plaintiff with the ALJ's RFC at step four nor the alternative finding at step five, he implicitly challenges these findings in as much as they are based on the ALJ's RFC determination which Plaintiff does directly challenge.

The ALJ thus concluded that Plaintiff was not under a disability, as that term is defined by the Social Security Act, at any time during the adjudicated period. (Tr. 30).

## IV. Analysis

Plaintiff asserts one overarching argument in his appeal of the ALJ's decision: the ALJ's RFC determination is not supported by substantial evidence in the record. (See Plf.'s Mem. [Docket No. 13] at 8–19). Specifically, Plaintiff argues that the ALJ's RFC determination is not

---

[3] "Social Security Ruling 16-3p eliminates the use of the term 'credibility' and clarifies that the Commissioner's review of subjective assertions of the severity of symptoms is not an examination of a claimant's character, but rather, is an examination for the level of consistency between subjective assertions and the balance of the record as a whole." Noerper v. Saul, 964 F.3d 738, 745 n.3 (8th Cir. 2020). SSR 16-3p applies to the present case, "but it largely changes terminology rather than the substantive analysis to be applied," and in discussing said determination, Courts have continued to use the "credibility" terminology. Noerper v. Saul, 964 F.3d 738, 745 n.3 (8th Cir. 2020).

7

supported by substantial evidence because the ALJ failed to properly account for the opinions provided by the State Agency Consultants when the ALJ did not provide a sufficient explanation for failing to include certain portions of the State Agency Consultants' opinions in the RFC determination. (Id. at 10–16). Alternatively, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ, in evaluating certain medical opinions in the record, failed to consider the nature of Plaintiff's paraphilic disorder despite finding the condition to be a severe impairment. (Id. at 17–19).

The Commissioner contends that he is entitled to summary judgment, arguing that each of Plaintiff's arguments is unavailing. (Def.'s Mem. [Docket No. 17]). Defendant further contends that the ALJ's opinion is supported by substantial evidence in the record as a whole. (Def.'s Mem. [Docket No. 17]).

Although within the ALJ's administrative determinations, "a claimant's RFC is a medical question," and therefore, "an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." Combs v. Berryhill, 878 F.3d 642, 646 (8th Cir. 2017) (quoting Steed v. Astrue, 524 F.3d 872, 875 (8th Cir. 2008)). "[A]lthough medical source opinions are considered in assessing RFC, the final determination of RFC is left to the Commissioner [through the ALJ] based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his] limitations." Noerper v. Saul, 964 F.3d 738, 745 (8th Cir. 2020) (first alteration in original) (internal citations omitted); see Combs v. Berryhill, 878 F.3d 642, 646 (8th Cir. 2017); Strongson v. Barnhart, 361 F.3d 1066, 1070 (8th Cir. 2004). An ALJ's RFC determination need not contain the specific wording of any specific medical opinion; instead, it is based on the ALJ's consideration of the relevant medical evidence in the record as a whole. See Noerper v. Saul, 964 F.3d 738, 745 (8th Cir. 2020).

8

In making the RFC determination, the ALJ has a duty to sufficiently develop the record to permit meaningful review on appeal. See Noerper v. Saul, 964 F.3d 738, 747 (8th Cir. 2020). This duty to develop the record "arises from the simple fact that the disability determination process is not an adversarial process," and thus, the duty to develop the record "exists alongside the claimant's burden to prove [his] case." Id. Moreover, the ALJ's duty exists even when a claimant is represented by counsel. Id. The Eighth Circuit Court of Appeals has "repeatedly recognized this duty," and it has "remanded for further development of the record not only where evidence of functional limitations is lacking, but also where the record presents conflicting medical opinions as to which the Commissioner fails to explain a choice." Id.

During the initial disability determination in the present case, State Agency Psychological Consultants, such as Mera Kachgal, Ph.D. L.P., opined, among other things, that Plaintiff's impairments limited him "to brief and superficial contact with co-workers and the public." (Tr. 28 (citing Tr. 126)).

In crafting his RFC determination, the ALJ discussed and assessed the opinions of the State Agency Consultants, such as Dr. Kachgal. (Tr. 28). The ALJ's discussion of said opinions noted that the State Agency Consultant opined that Plaintiff was limited to brief and superficial contact with coworkers and the public. (Tr. 28).[4] However, after discussing the opinions, the ALJ concluded that the opinions of the State Agency Consultants, were not persuasive. (Tr. 28).[5]

---

[4] In addition, the State Agency Consultants opined that Plaintiff was limited to "medium exertion work, frequent climbing ramps/stairs, occasional climbing ladders/ropes/scaffolds, frequent balancing, stooping, kneeling, crouching, and crawling, no concentrated exposure to wetness (slippery surfaces) and hazards (unprotected heights), and routine, repetitive 3-4 step instructions and tasks." (Tr. 28 (referencing Tr. 95–105 (opinion of Paul Ossmann, M.D.); Tr. 103–104 (opinion of Jeffery Boyd, Ph.D., L.P.); Tr. 107–109, 112–113, 115–116, 121, 123–125, 127–128 (opinion of Gregory Salmi, M.D.); Tr. 110–111, 113–115, 122–123, 125–127 (opinion of Mera Kachgal Ph.D., L.P.))).

[5] The ALJ did find unpersuasive Dr. Cremerius and Dr. Mylan's opinions that Plaintiff had only "mild" limitations in the paragraphs B criteria and would be able to understand detailed instructions. However, the ALJ found these two discrete opinions were unsupported by the record because the record supported greater limitations, and the ALJ's RFC determination incorporated these greater limitations. Thus, the Court need not further consider this portion of Dr. Cremerius and Dr. Mylan's opinions.

Instead, the ALJ found that the "record . . . support[ed] further reduction in exertion requirements due to worsening lesions/discomfort and [an] additional reduction in skill and stress level due to his mental impairments and recurrent symptoms." (Tr. 28).

Although the ALJ found the State Agency Consultants' opinions to be unpersuasive in light of the record as a whole, the ALJ determined that the record supported an RFC finding that Plaintiff was limited to only "occasional" interactions with co-workers and the general public. (Tr. 24). This is because, while examining the "paragraph B criteria" for Plaintiff's mental impairments, the ALJ noted that the opinion of Dr. Kachgal was partially persuasive in that it was supported by evidence in the record concerning "limitations in interacting with others and concentrating, persisting or maintaining pace." (Tr. 23). Specifically, the ALJ considered that in regards to interacting with others, Plaintiff "testified that due to depression he isolates himself and stays in bed." (Tr. 23). The ALJ also considered Plaintiff's self-reports that "he tends to disagree with the boss in job settings" and that in addition, Plaintiff "has problems getting along with people [in general], including his mother and coworkers." (Tr. 23). In addition, the ALJ considered that while Plaintiff "spends time with his wife daily," he has no "interest in engaging in social activities" except for the fact that "he played softball to distract himself." (Tr. 23, 26, 447, 486). In addition, in December 2021, the ALJ highlighted that Plaintiff was described by his care provider as being "pleasant and cooperative" and "had appropriate demeanor and affect." (Tr. 26).

Plaintiff contends that the ALJ failed to sufficiently develop the record when determining the "occasional" interaction restriction. (Plf.'s Brief [Docket No. 13] at 13). Specifically, Plaintiff argues that the ALJ both failed to consider the supportability and consistency of Dr. Kachgal's opinion, as well as failed to arrive at the "occasional" restriction. (Plf.'s Brief [Docket No. 13] at 12–13).

In making the RFC determination, the ALJ need not defer or give any specific evidentiary weight to any medical opinion, including such opinions from a primary treatment provider. 20 C.F.R. § 416.920c(a). Instead, the ALJ is required to consider supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 316.920c(c)(1)-(5); see also Wiese v. Astrue, 552 F.3d 728, 731 (8th Cir. 2009). The most important factors for evaluating persuasiveness are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Supportability examines the source's own records and explanations. 20 C.F.R. § 416.920c(c)(1). Consistency addresses the extent to which the opinion aligns with evidence from other sources. 20 C.F.R. § 416.920c(c)(2). "Stated more simply, an opinion is more persuasive if it is more consistent with the overall evidence as a whole." Guetzloff v. Kijakazi, No. 2:20-cv-04177-NKL, 2021 WL 5157487, at *6 (8th Cir. 2021) (quoting Morton v. Saul, No. 2:19-CV-92, 2021 WL 307552, at *7 (E.D. Mo. Jan. 29, 2021)).

As observed above, the ALJ has a duty to sufficiently develop the record as to allow for meaningful review on appeal. See, e.g., Noerper v. Saul, 964 F.3d 738, 747 (8th Cir. 2020). The ALJ's generic reference to some unspecified "objective evidence in the record" is insufficient to satisfy the ALJ's duty to develop the record sufficiently enough to permit meaningful appeal. See, e.g., Dianna L.B. v. Saul, 19-cv-2561 (TNL), 2020 WL 4586822, at *5 (D. Minn. Aug. 10, 2020). When an ALJ fails to identify the evidence relied upon in support of a decision, the Court cannot determine if the ALJ's decision is supported by substantial evidence "because the Court has no way of knowing which evidence to review." Holdeman v. Kijakazi, No. 20-cv-729 (NKL), 2021 WL 6062368, at *6 (W.D.Mo. Dec. 22, 2021); see, Noerper v. Saul, 964 F.3d 738, 747 (8th Cir. 2020).

However, contrary to Plaintiff's contentions, the ALJ did evaluate the supportability and consistency of Dr. Kachgal's opinion with the record, as required under 20 C.F.R. §§ 404.1520c

11

and 416.920c. For example, in considering the supportability, the ALJ considered the records produced by Dr. Kachgal and how they aligned with Plaintiff's symptoms. For example, the ALJ specifically cited Dr. Kachgal's opinions regarding Plaintiff's "moderate limitations in interacting with others." (Tr. 23 (citing Tr. 110–111 ("5A"); Tr. 122–123 ("8A"))). Indeed, in her reports, Dr. Kachgal noted Plaintiff's self-reports of "issues with co-workers . . . due to anger issues." (Tr. 111). But, Dr. Kachgal went on to find that the Plaintiff did not exhibit "frequent aggression towards others and is not a danger to himself [or] others." (Tr. 111). As such, Dr. Kachgal concluded that Plaintiff had "no more than a moderate limitation interacting with others." (Tr. 111).

In regard to the consistency factors, the ALJ considered the reports on the record that "he spen[t] time with his wife daily," and while he had no "interest in engaging in social activities," the Plaintiff did find it helpful for his condition, playing softball, a team sport. (Tr. 23). Furthermore, the ALJ noted that the Plaintiff's primary care provider, Dr. Handrigan, reported that Plaintiff "was pleasant and cooperative and had appropriate demeanor and effect" and referred Plaintiff to a behavioral health specialist and recommended light therapy. (Tr. 26).[6]

The ALJ ultimately concluded that while Dr. Kachgal's "opinion [was] not persuasive," the record still supported limitations with respect to Plaintiff's interactions with co-workers and the general public. (Tr. 28).[7] While the ultimate RFC was similar to Dr. Kachgal's

---

[6] A conservative course of treatment constitutes substantial evidence supporting a less limiting RFC. Buford v. Colvin, 824 F.3d 793, 796-797 (8th Cir. 2016).

[7] The Court observes that Plaintiff conflates the ALJ's determination regarding the persuasiveness of the State Agency Consultants. Plaintiff contends that the ALJ "erred by stating she was finding even greater limitations than Dr. Kachgal but proceeding to assess fewer limitations in the RFC." (Plf.'s Brief [Docket No. 13] at 13). This is a mischaracterization of the ALJ's decision. As alluded to above, the ALJ considered all of the state agency consultant's opinions at once in her written decision. (See Tr. 28). While the ALJ considered the consultant's opinions unpersuasive, the ALJ did find that the record supported a further reduction in "exertion requirements" and an additional reduction in "skill and stress level" due to Plaintiff's mental impairments and recurrent symptoms. (Tr. 28). Indeed, the ALJ did not comment as to whether she was finding greater limitations with respect to Plaintiff's social interactions.

recommendation, the ALJ never stated that she would adopt any of the doctor's findings. Instead, the ALJ found that Plaintiff was limited to "occasional" interactions with co-workers and the general public. (Tr. 24). Plaintiff contends that because the RFC "contains no limitations to the Plaintiff's ability to interact with others from a qualitative standpoint," the RFC is less limiting than the "occasional" and "superficial" limitations suggested by Dr. Kachgal. (Plf.'s Brief [Docket No. 13] at 13).

However, the Court finds that once the ALJ rejected Dr. Kachgal's opinion as unpersuasive, the ALJ was no longer required to accept the limitations of "brief" and "superficial" contact from the prior administrative medical finding. See Heather C. v. Kijakazi, 23-cv-484, 2023 WL 8282059, at *4 (D. Minn. Nov. 30, 2023) (The ALJ "is not required to adopt all limitations proposed by [expert reviewers]—even if the ALJ has accorded that [expert's] opinion substantial weight"). While Plaintiff argues that the terms 'occasional' and 'superficial' are not coterminous, such an argument is irrelevant here since the ALJ expressly declined to adopt such terms. (Plf.'s Brief [Docket No. 13] at 13 (citing Eden v. Comm'r of Soc. Sec., 2019 WL 7666532, at *2 (N.D. Ia. June 6, 2019))); but see Lane v. O'Malley, No. 23-1432, 2024 WL 302395, at *1 (8th Cir. Jan. 26, 2024) (finding that "[n]othing in reference to 'occasional' interactions conflicts with" a psychological opinion—that the ALJ found persuasive—that the claimant could only have "'superficial' interactions"); Wyatt v. Kijakazi, No. 23-1559, 2023 WL 6629761, at *1 (8th Cir. Oct. 12, 2023) ("The ALJ was not required to adopt the exact limitations set forth in the opinions she found persuasive.").[8] Thus, Plaintiff's argument that the ALJ's RFC determination is not supported by substantial evidence because the ALJ did not provide a sufficient explanation for

---

[8] Moreover, Plaintiff's citation to cases that found remand required when the ALJ found a state agency consultant's opinion persuasive, but failed to explain why the limitation to superficial interaction was rejected are not appropriate here. (Plf.'s Brief [Docket No. 13] at 13–14 (citing cases)). All of the cases cited with ALJ's finding opinions of state agency consultants partially persuasive. Here the ALJ, after considering her prior findings and the record as a whole, found all of the state agency consultants not persuasive.

failing to include certain portions of the State Agency Consultants' opinions in the RFC determination is unpersuasive. (Plf.'s Brief [Docket No. 13] at 10–16).

As for Plaintiff's second argument that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to consider the nature of Plaintiff's paraphilic disorder despite finding the condition to be a severe impairment, the Court finds this argument equally unpersuasive. (Plf.'s Brief [Docket No. 13] at 17–19). Plaintiff argues the ALJ erred because, despite finding that Plaintiff's paraphilic disorder was a severe impairment at step two (Tr. 21), the ALJ's RFC assessment does not account for this disorder. (Plf.'s Brief [Docket No. 13] at 18–19).

There is no automatic requirement that an ALJ must discuss every impairment, severe or not, found at step two in the RFC at step four. Gann v. Colvin, 92 F. Supp. 3d 857, 884 (N.D. Iowa 2015). However, impairments found at step two or step three, whether severe or not, should be considered by the ALJ when formulating the RFC at step four. Id. The key question in whether an impairment found at step two or step three is included in the RFC is whether there is substantial evidence that the impairment actually limits the claimant's ability to work. Id. at 885 (quoting Taylor v. Astrue, Civil Action No. BPG-11-0032, 2012 U.S. Dist. LEXIS 11307, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012)). While it can be considered by the ALJ, a mere diagnosis of an impairment alone does not establish that an impairment results in any significant functional limitations. See Collins ex rel. Williams v. Barnhart, 335 F.3d 726, 730 (8th Cir. 2003); see also Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990). Instead, it is the claimant who has the burden of establishing his functional limitations with supporting evidence supplied via the record. Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); Charles v. Barnhart, 375 F.3d 777, 782 n.5 (8th Cir. 2004).

In his four paragraphs of argument, Plaintiff points out that "paraphilic disorder <u>could</u> be expected to result in <u>potentially</u> work preclusive limitations" but fails to point to any medical evidence on the record (outside of Plaintiff's diagnosis) that supports such limitations here and now due to his paraphilic disorder. (Plf.'s Brief [Docket No. 13] at 19 (emphasis added)).[9] Indeed, Plaintiff invites the Court to speculate as to "what type of work limitations might result from such an impairment." (<u>Id.</u>). This Court declines to "imagine" potential work limitations. It is the Plaintiff's burden to establish his functional limitations.

Likewise, the ALJ is equally under no obligation to try to imagine potential work limitations that <u>might</u> arise because of a diagnosis. Indeed, "a mere diagnosis does not presumptively indicate that a claimant has disabling limitations." <u>Dodson v. Kijakazi</u>, 2021 U.S. Dist. LEXIS 170572, 2021 WL 4125038, at *8 (E.D. Mo. Sept. 9, 2021); <u>Lott v. Colvin</u>, 772 F.3d 546, 549 (8th Cir. 2014) (mere diagnosis of condition named in a listing does not qualify claimant for presumptive disability); <u>Truxel v. O'Malley</u>, No. 1:23-CV-147 SRW, 2024 U.S. Dist. LEXIS 94351 (E.D. Mo. May 28, 2024) (citing <u>Dodson</u>, 2021 U.S. Dist. LEXIS 170572). Nor does a diagnosis alone reveal information regarding the severity of any alleged impairments. <u>Welch v. SSA</u>, No. 3:22-CV-00294-JM-ERE, 2023 U.S. Dist. LEXIS 108935 (E.D. Ark. June 23, 2023); <u>see</u> <u>Perkins v. Astrue</u>, 648 F.3d 892, 900 (8th Cir. 2011) (holding that a mere diagnosis is insufficient to establish the existence of severe impairments); <u>Millsap v. Saul</u>, No. 3:19-CV-00338 PSH, 2020 U.S. Dist. LEXIS 191807, 2020 WL 6120454, at *6 (E.D. Ark. Oct. 16, 2020) (holding "that the mere diagnosis does not equate with functional restrictions"). Since Plaintiff has failed to

---

[9] Plaintiff goes on to explain that paraphilia generally involves "'recurrent, intense sexually arousing fantasies, sexual urges, or behaviors generally involving 1) nonhuman objects, 2) the suffering or humiliation of oneself or one's partner, or 3) children or nonconsenting persons' and occurs over a period of at least six months." (Plf.'s Brief [Docket No. 13] at 19 (quoting Am. Psychiatric Ass'n, Diagnosis and Statistic Manual of Mental Disorders 556 (4th ed., text rev. 2000) ("DSM-IV-TR"))). However, Plaintiff does not cite any evidence suggesting that any of these attributes describe the Plaintiff.

15

point to any evidence on the record that suggests work-related limitations beyond those in the RFC, Plaintiff has failed to prove any greater limitations resulting from his diagnosis of paraphilic disorder. As such, substantial evidence supports the ALJ's RCF finding.

## V. Conclusion

The Court's review of the record indicates that the ALJ's RFC determination is supported by substantial evidence in the record as a whole—the ALJ properly found that Plaintiff was limited to "occasional" interactions with co-workers and the general public. In addition, the Court's review of the ALJ's determination properly shows that the ALJ properly considered both the consistency and supportability of State Agency Psychological Consultant Mera Kachgal's opinion. Moreover, the ALJ properly accounted for Plaintiff's general diagnosis of paraphilic disorder as Plaintiff has failed to prove any greater limitations than his current RFC resulting from such a disorder. Accordingly, the undersigned recommends that Plaintiff's Motion seeking the Court to reverse the ALJ's decision and remand this case for further proceedings be **DENIED**.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's request for relief, [Docket No. 13], be **DENIED** and;

2. Defendant's request for relief, [Docket No. 17], be **GRANTED**.


Dated: July 29, 2024                             s/Leo I. Brisbois
                                                 Hon. Leo I. Brisbois
                                                 United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).